UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

JASON G. PICKERING,

    PLAINTIFF,

v.

OAK RIDGE NATIONAL LABORATORY
FEDERAL CREDIT UNION AND TRANS
UNION LLC,

    DEFENDANTS.

Case No.:

3:22-cv-55

***JURY TRIAL DEMANDED***

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Jason G. Pickering, by and through the undersigned counsel, and with knowledge as to his own acts, upon information, belief, and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges against Defendants Oak Ridge National Laboratory Federal Credit Union and Trans Union LLC as follows:

2. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1681, *et seq*. ("Fair Credit Reporting Act" or "FCRA").

### JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C § 1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

5. Plaintiff Jason G. Pickering ("Plaintiff") is an adult individual and resides within this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c).

1

6. Defendant Trans Union LLC ("Trans Union") does business in this judicial district and is a Delaware corporation with its principal place of business located at 555 W Adams St., Chicago Illinois 60661. Trans Union is a CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

7. Defendant Oak Ridge National Laboratory Federal Credit Union ("ORNL") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[1], and conducts substantial and regular business activities in this judicial district. ORNL is a national credit union with its principal place of business located at 215 S Rutgers Avenue, Oak Ridge, TN 37830.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from 2020 through the present.

9. The inaccurate information includes, but is not limited to, an account with ORNL ending in 6826 (the "Account") reported as included in bankruptcy or discharged in bankruptcy, or both. The defendants also reported the Account with derogatory payment history and a past due balance. This is false because Plaintiff did not file for bankruptcy. This is also false because Plaintiff made timely payments on the account.

---

[1] Plaintiff is making a claim against ORNL under § 1681s-2(b). Plaintiff is not making a claim against said defendant under § 1681s-2(a).

2

Case 3:22-cv-00055-CEA-DCP    Document 1    Filed 02/13/22    Page 2 of 8    PageID #: 2

10. The inaccurate information harms Plaintiff's credit reputation because it does not accurately depict his credit history or creditworthiness, or both.

11. The inaccurate information negatively reflects on Plaintiff's financial responsibility as a debtor.

12. The inaccurately information is misleading because Plaintiff did not file for bankruptcy.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that Trans Union has disseminated to various persons and credit grantors, both known and unknown.

14. Plaintiff disputed the inaccurate information to each defendant by oral and written communications to their representatives and by following the defendants' established procedures for disputing consumer credit information.

15. Plaintiff has disputed the inaccurate information to the Consumer Financial Protection Bureau ("CFPB"), and the CFPB, upon information and belief, notified ORNL or Trans Union, or both, of Plaintiff's dispute.

16. Plaintiff has disputed the inaccurate information to the National Credit Union Administration ("NCUA"), and the NCUA, upon information and belief, notified ORNL or Trans Union, or both, of Plaintiff's dispute.

17. Upon information and belief, the CFPB and NCUA has notified the defendants of other similar complaints made by consumers.

18. Evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law." *Dalton v. CAI*, 257

F.3d 409, 418 (4th Cir. 2001) (noting that whether "other consumers have lodged complaints similar to Dalton's against CAI" is relevant to willfulness under the FCRA).

19. Plaintiff has disputed the inaccurate information to Trans Union.

20. Trans Union notified ORNL of Plaintiff's dispute on at least one occasion.

21. Notwithstanding, Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information. Trans Union continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors after receipt of Plaintiff's disputes. Trans Union has repeatedly published and disseminated consumer reports to such third parties.

22. Despite Plaintiff's efforts, Trans Union has never: (1) contacted Plaintiff to follow up on, verify, and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes, such as the bankruptcy court; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any bankruptcy records, or other relevant documents from ORNL; or (5) reviewed its own records, which should have indicated Plaintiff did not file bankruptcy.

23. Notwithstanding, Plaintiff's disputes, ORNL has also failed to conduct timely and reasonable investigations of Plaintiff's disputes. After notice of Plaintiff's disputes from a consumer reporting agency, ORNL willfully continues to report such inaccurate information to various credit reporting agencies and without reporting the account as in dispute by Plaintiff.

24. As a part of ORNL's purported FCRA investigations, it did not:

    a. contact Plaintiff concerning the accuracy of the disputed information;

4

b. contact third parties, including but not limited to the bankruptcy court, concerning the accuracy of the disputed information;

c. review underlying account documents, such as any payment instructions from Plaintiff;

d. make a reasonable inquiry into the disputed information, including a review of the bankruptcy records;

e. review all relevant information provided by a consumer reporting agency pertaining to the disputed information;

f. modify or delete the false account information; or,

g. mark or identify the account as in dispute by Plaintiff.

25. At best, ORNL verified the inaccurate information by confirming some of Plaintiff's personal identifying information related to the account with some of the personal identifying information reported by a consumer reporting agency.

26. ORNL notified at least one consumer reporting agency that its reporting of the inaccurate information was accurate.

27. ORNL did not conduct a reasonable investigation with respect to the disputed information.

28. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to: perform reasonable reinvestigations of the above disputes as required by the FCRA; remove the inaccurate information; report the results of its reinvestigations to all credit reporting agencies; note the disputed status of the account; and, have continued to report the derogatory inaccurate information about Plaintiff to third parties.

29. As a result of Defendants' conduct, Plaintiff has suffered distinct divisible injuries and actual damages in the form of adverse credit action, lost credit opportunities, harm to credit reputation and credit score, interference with his normal and usual activities and emotional distress.

30. At all times pertinent hereto, the defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the defendants herein.

31. At all times pertinent hereto, the conduct of the defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

32. The defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious and distinct injuries to Plaintiff outlined more fully above and, as a result, the defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief as may be permitted by law for their violations of federal law.

## COUNT ONE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against ORNL)

33. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

34. At all times pertinent hereto ORNL was a "person" as that term defined by 15 U.S.C. § 1681a(b).

35. ORNL violated Sections 1681n or 1681o of the FCRA by willfully or negligently failing to comply with the requirements imposed on furnishers of information pursuant to Section 1681s-2(b).

36. ORNL's conduct was a direct and proximate cause, as well as a substantial factor, in causing the distinct and independent serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, ORNL is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
**(Against Trans Union)**

37. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

38. At all times pertinent hereto, Trans Union is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

39. At all times pertinent hereto, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

40. At all times pertinent hereto, the above-mentioned credit reports are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

41. Pursuant to 15 U.S.C. § 1681n or 15 U.S.C. § 1681o, Trans Union is liable to Plaintiff for willfully or negligently failing to comply with the requirements imposed on a consumer reporting agency of information related to each consumer report prepared by Trans Union and dispute processed by Trans Union, pursuant to Sections 1681e(b) and i.

42. Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing the distinct and independent serious injuries, actual damages, and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for

7

Case 3:22-cv-00055-CEA-DCP   Document 1   Filed 02/13/22   Page 7 of 8   PageID #: 7

the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## JURY DEMAND

43. Plaintiff requests a jury trial on all claims.

## PRAYER

Wherefore, Plaintiff prays for judgment against the defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury;
2. Punitive damages to be determined by the jury;
3. Statutory damages to be determined by the jury; and
4. Attorneys' fees and costs.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;
2. Punitive damages to be determined by the jury;
3. Statutory damages to be determined by the jury; and
4. Attorneys' fees and costs.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
TN BAR NO. 036451
**THE ADKINS FIRM, P.C.**
5400 Lyndon B. Johnson Fwy., Suite 1200
Dallas, Texas 75240
(214) 974.4030 Main Telephone
(615) 370.4099 Direct Telephone
MicahAdkins@ItsYourCreditReport.com
*COUNSEL FOR PLAINTIFF*
*JASON G. PICKERING*

8